UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARONDA QUILLET, REGINALD
QUILLET, JEFFREY BARNETT and
ANDERLE BROWN,

    Plaintiffs,

v.                                                       Case No: 6:12-cv-1283-Orl-28TBS

USHA JAIN, MANOHAR JAIN and
JAYMA AMBE ENTERPRISES, INC.,

    Defendants.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Defendant Usha Jain, M.D.'s Motion to Dismiss. (Doc. 11). Plaintiffs have filed a response to the motion (Doc. 13), and the matter is ripe for review. For the following reasons, I respectfully recommend that the Court deny Defendant's motion. However, I also recommend that the Court dismiss Plaintiffs' Complaint with leave to amend to allege a factual basis for this Court's jurisdiction and to clarify their claim for damages.

I.    Background

Plaintiffs filed this action on August 20, 2012, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. In their Verified Complaint, Plaintiffs aver that Defendants Usha Jain ("U. Jain") and Manohar Jain own and operate Defendant Jayma Amber Enterprises, Inc. ("JAE"), which conducts business as the Palace Hotel & Resorts. (Doc. 1). Defendants employed Plaintiffs, who they paid by allowing Plaintiffs to

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

live rent-free at the Palace Hotel. (Id.). Defendants did not otherwise pay Plaintiffs minimum wage or overtime compensation for the hours they worked in excess of forty hours per week. (Id.). After the Plaintiffs complained that Defendants were not paying them in accordance with the FLSA, Defendants retaliated by firing the Plaintiffs. (Id.). The Complaint alleges, among other things, that U. Jain exercised authority to hire and fire employees, determine the pay and the work schedules of the employees, and control the finances and operation of JAE. (Doc 1 ¶ 9). Each Plaintiff alleges one count for violation of the FLSA's minimum wage provisions, one count for violation of the FLSA's overtime provisions, and one count for retaliation against all Defendants. (Doc. 1).

U. Jain seeks dismissal under Fed.R.Civ.P. 7(b)(1) and 12(b)(6). (Doc. 11). In her motion, she denies that she owns or operates the Palace Hotel and she denies that she was Plaintiffs' employer. (Id.). She maintains that she does not have any day-to-day control of the operations of JAE, and she affirmatively alleges that she works full-time as a physician for Emergi-Care, Inc. (Id.) As proof, U. Jain has attached to her motion, copies of two printouts from the Florida Department of State Division of Corporations. (Doc. 11-1 and 11-2). She offers the first printout as evidence that she is not an officer, director, or the registered agent of JAE. (Doc. 11-1). The second printout is offered to show that U. Jain is the president, director, and registered agent for Emergi-Care, Inc. (Doc. 11-2). Although U. Jain attached these printouts to her motion, she does not want her motion converted to one for summary judgment. (Doc. 11).

II.     **Standard of Law**

Rule 7(b)(1) provides the form requirements for motions. A motion to dismiss pursuant to Rule 12(b)(6) asserts that the pleader's complaint fails to state a claim upon which relief can be granted. "A pleading that states a claim for relief must contain . . . a

short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). When considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pled factual allegations in the Complaint as true and considers them in the light most favorable to the non-moving party. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006).

### III. Discussion

Nowhere in her motion to dismiss does U. Jain dispute the sufficiency of Plaintiffs' allegations. Instead, she improperly asks the Court to consider matters beyond Plaintiffs' Complaint and decide disputed issues of fact in her favor. Accordingly, her motion to dismiss should be denied.

Assuming for the sake of argument that U. Jain had challenged the sufficiency of Plaintiffs' allegations that she was their employer, her motion would still fail. Under the FLSA, an employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). In deciding whether a party is an employer, "economic reality" controls rather than the common law rules of agency. Tabora v. GC Realty Advisors, LLC, No. 12-80526-CIV, 2012 WL 3614414 *3 (S.D. Fla. Aug. 21, 2012)(citing Goldberg v. Whitaker House Cooperative, 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961)). The Eleventh Circuit has stated "that the FLSA contemplates that a covered employee may file suit directly against an employer that fails to pay him

the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment."  Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011).  The averments in Plaintiffs' Complaint sufficiently allege U. Jain's control of the day-to-day operations of JAE to join her as a Defendant in this action.  Ceant v. Aventura Limousine & Transp. Serv. Inc., et. al., No. 12-20159-CIV, 2012 WL 2428536 *7 (S.D. Fla. June 27, 2012); see also Tabora, 2012 3614414 *3; Stewart v. Sterling Technology Solutions, LLC, No. 6:10-cv-630-Orl-28DAB, 2010 WL 4647135*2 (M.D. Fla. Oct. 12, 2010).

  To be eligible to bring suit under the FLSA an individual must show that the jurisdictional requirement of "interstate commerce" exists.  Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011).  Plaintiffs' Complaint does not allege facts to establish the jurisdiction of this Court.  29 U.S.C. §§ 207(a)(1) and (a)(2) provide:

> (1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
>
> (2) No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, and who in such workweek is brought within the purview of this subsection by the amendments made to this chapter by the Fair Labor Standards Amendments of 1966–

 An "enterprise engaged in commerce or in the production of goods for commerce"

is defined as one that:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

29 U.S.C. § 203(s)(1)(A)(i)-(ii).

Plaintiffs have not alleged facts which if true, would establish that Defendants are engaged in: (1) commerce, (2) the production of goods in commerce, (3) an enterprise engaged in commerce, or (4) an enterprise engaged in the production of goods in commerce.  Consequently, Plaintiffs have not alleged that they are eligible to bring a claim under the FLSA.  Accordingly, Plaintiffs' Complaint should be dismissed without prejudice, with leave to amend to cure this deficiency.  See Burge v. Kings Realty Group, LLC, No. 8:12-cv-1172-T-33TGW, 2012 WL 4356815 * 3, (M.D. Fla. Sept. 24, 2012); Tabora, 2012 WL 2428536; Bailey v. Cooper, No. 10-81596-CIV, 2011 WL 818110 * 2 (S.D. Fla. Mar. 2, 2011).

Finally, Plaintiffs have not properly pled their claim for overtime damages.  While they are not required to allege in their Complaint the specific hours they worked, see Dobbins v. Scriptfleet, Inc., No. 8:11-cv-1923-T-24-AEP, 2012 WL 601145 * 3 (M.D. Fla. Feb. 23, 2012), here Plaintiffs have made no allegations about their work schedule or when or how regularly they worked overtime.  Plaintiffs allege that Defendants did not pay overtime wages, but Plaintiffs do not assert that they ever worked in excess of 40 hours per week.  (See Doc. 1).  Plaintiffs' allegations that their presence was required 24 hours per day "to deter theft of the hotel's property and collect rent owed by the hotel's other tenants," and their allegation that Defendants did not pay overtime wages make it unclear

- 5 -

as to whether Plaintiffs allege that they were required to work or be on call 24 hours per day, or whether Plaintiffs were simply required to work over 40 hours per week on occasion.  Consequently, Plaintiffs' Complaint does not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555).  Therefore, I recommend Plaintiffs be given leave to clarify their Complaint.

### IV.     Recommendation

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that:

1. Defendant Usha Jain, M.D.'s Motion to Dismiss (Doc. 11) be **DENIED.**

2. That Plaintiffs' Complaint be dismissed without prejudice, with leave to amend to correct the deficiencies noted in this report.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on the 11th day of October, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

   Presiding United States District Judge
   Counsel of Record