UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARONDA QUILLET, REGINALD
QUILLET, JEFFREY BARNETT,
ANDERLE BROWN, MICHAEL
LAWRENCE and ROBERT SZLAPA,

     Plaintiffs,

v.                                  Case No:   6:12-cv-1283-Orl-28TBS

USHA JAIN, MANOHAR JAIN and
JAYMA AMBE ENTERPRISES, INC.,

     Defendants.

_____

## ORDER

On March 18, 2014, the Court held a hearing on Plaintiffs and their Counsel's

Motion for Protective Order (Doc. 93) and Defendants' Motion to Request an Aid from the

Court for the Discovery Process & Protective Order (Doc. 95).   Now, it is adjudged that

the motions are **GRANTED in part and DENIED** in part.

     1. The Court extends the discovery deadline to May 19, 2014.

     2. The depositions of Kenneth Wilson and Bradley Pinkerton set for March 19 and

March 20 at 8:00 a.m. are **CANCELLED** with leave to reschedule.

     3. The parties **SHALL CONFER AND COOPERATE** in the scheduling of all future

deposition times and dates.   If Plaintiffs' counsel is available for depositions at 8:00 a.m.

on a particular day then depositions can be taken at that time, but counsel is not obligated

to reschedule his personal and professional life so that all depositions can be taken at

8:00 a.m., or on weekends.

4. All depositions will occur at a court reporter's office, the SunTrust Bank located at 8851 Conroy Windemere Rd., Orlando, FL 32835, or some other mutually agreed upon location.

5. Defendants should coordinate the scheduling of depositions with Plaintiffs' lawyer's staff.   The Court declines to issue an Order which requires Plaintiffs' lawyer to deal directly with the Jains on ministerial matters such as scheduling.

6. Within 7 days from the rendition of this Order, Plaintiffs' lawyer **SHALL FILE** proof of his agreement with the Defendants' prior counsel that Plaintiff Anderle Brown's deposition will be conducted via telephone.

7. The Court construes Defendants' Motion to Request an Aid from the Court for the Discovery Process & Protective Order (Doc. 95) in part as a request for discovery. Accordingly, within 14 days from the rendition of this Order, Plaintiffs shall serve a written response stating whether they have the documents requested by Defendants and if they do, whether there is any objection to Defendants inspecting and copying those documents.   If there is no objection, Plaintiff's lawyer should mail copies of the documents to Defendants.

8. To the extent the motion seeks to compel a response from Plaintiffs as to whether they object to the Jains' third party subpoenas, counsel has responded at the hearing.   Plaintiff's sole objection is to the Jains' subpoena requesting information concerning the receipt of food stamp benefits and it is **OVERRULED**.

9. To the extent the Jains' motion constitutes a motion to compel better answers to their interrogatories, it is **DENIED without prejudice** as being insufficient under Middle District of Florida local rule 3.04 which requires that a motion to compel "include quotation in full of each interrogatory . . . each of which shall be followed immediately by quotation

in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted."   M.D. Fla. Local Rule 3.04(a).

10. If the Jains wish to depose Plaintiff Jeffrey Barnet, who is currently incarcerated in Louisiana, they will have to make those arrangements with the prison warden and counsel for Plaintiffs.

11. All other relief requested by the parties is **DENIED.**

11. The Court recommends to the District Judge that a Magistrate Judge be designated to conduct a settlement conference in this case.

**DONE** and **ORDERED** in Orlando, Florida on March 18, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties