UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARONDA QUILLET, REGINALD
QUILLET, JEFFREY BARNETT,
ANDERLE BROWN, MICHAEL
LAWRENCE and ROBERT SZLAPA,

    Plaintiffs,

v.                                                Case No:   6:12-cv-1283-Orl-28TBS

USHA JAIN, MANOHAR JAIN and
JAYMA AMBE ENTERPRISES, INC.,

    Defendants.

## ORDER

Pending before the Court is Defendants' Motion to Reconsider Defendants' Motion to Extend the Deadline for the Dispositive Motion and Daubert and Markman Motions. (Doc. 112).   Plaintiff opposes the motion.   (Doc. 116).

The Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, but courts typically treat such motions as either a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) or a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b).   Region 8 Forest Service Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993); Frasca v. NCL (Bahamas) Ltd., No. 12-20662-CIV, 2014 WL 979062 *2 (S.D. Fla. Mar. 13, 2014).   Rule 59(e) requires that a party submit its motion with 28 days from the issuance of the judgment; Rule 60(b) requires only that a motion be made "within a reasonable time," but no more than a year after the entry of the judgment or order.   Fed. R. Civ. P. 59(e); 60(c). A Court will grant a Rule 59(e) motion when the party seeking relief presents (1) newly

discovered evidence or (2) evidence of manifest error of law or fact. Jacobs v. Tempur-Pedic Intern, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (inner alterations omitted)(quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)). As grounds for relief pursuant to Rule 60(b), a party must present (1) evidence of mistake, inadvertence, surprise, or excusable neglect (2) newly discovered evidence (3) evidence of fraud (4) evidence that the judgment is void, or (5) evidence that the judgment has been satisfied, released, or discharged. Fed. R. Civ. P. 60(b). Motions for reconsideration are only "appropriate where the Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension . . . . Such problems rarely arise and the motion to reconsider should be equally rare." Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC, 597 F.3d 1374, 1384 (11th Cir. 2010) (internal citations and quotations omitted).

Defendants seek relief from the Court's Order denying their motion to extend the deadline for dispositive and Daubert motions entered on March 4, 2014. (Doc. 88). More than 28 days have passed since the entry of that Order, and thus, Defendants' motion is untimely pursuant to Rule 59(e). Rule 60(b) is similarly inapplicable. "[R]elief under 60(b)(2) based on newly discovered evidence requires all of the following: (1) the evidence must be newly discovered since the [Order]; (2) the movant must have exercised due diligence in discovering new evidence; (3) the evidence cannot be merely cumulative or impeaching; (4) the evidence must be material; and (5) the new evidence must be such that it would produce a different outcome in the underlying action."

- 2 -

Williams v. N. Fla. Reg. Med. Ctr., Inc., 164 F. App'x 896, 898-99 (11th Cir. 2006). Defendants argue that they have obtained newly discovered evidence which was previously unavailable to them including evidence that (1) Plaintiff's counsel contacted other of Defendants' employees in an attempt to convince them to join the case; and (2) Plaintiffs' address is different from the one supplied by their lawyer. These claims do not warrant reconsideration of the Court's decision. As the Court has previously noted, "[m]otions to extend the dispositive motions deadline or to continue the trial are generally denied. The Court will grant an exception only when necessary to prevent manifest injustice." (Docs. 26, 46, 88, 102). Defendants' newly discovered evidence is not so material that the Court's consideration of it is necessary to prevent manifest injustice.

Defendants argue that this newly discovered evidence is also proof of Plaintiffs' counsel's fraud on the Court. But, they have not explained why this evidence should change the outcome of the Court's original Order.

Accordingly, Defendants' Motion to Reconsider Defendants' Motion to Extend the Deadline for the Dispositive Motion and Daubert and Markman Motions (Doc. 112) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 11, 2014.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties