UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARONDA QUILLET, REGINALD
QUILLET, JEFFREY BARNETT,
ANDERLE BROWN, MICHAEL
LAWRENCE and ROBERT SZLAPA,

    Plaintiffs,

v.                                                Case No:   6:12-cv-1283-Orl-28TBS

USHA JAIN, MANOHAR JAIN and
JAYMA AMBE ENTERPRISES, INC.,

    Defendants.
_____

## ORDER

    This cause comes before the Court on Defendant Manohar Jain's Motion to Invalidate the Plaintiffs' Third Party Subpoenas & To Get the Chance to Object to the Plantiffs['] Third Party Subpoenas (Doc. 113), which the Court construes as a motion to quash.  Plaintiffs have filed a response in opposition, (Doc. 126) and Defendants have filed a reply thereto (Doc. 148).  For the following reasons, Defendants' motion is due to be denied.

    This is an FLSA action for overtime and minimum wages.  Defendants Manohar Jain and Usha Jain are proceeding pro se, and much of their communication with Plaintiffs' counsel ("Counsel") is through email.  On March 5, 2014, Usha Jain wrote Counsel to follow up on a phone call.  In that email she stated "We both agree that our contact is best through email of drjainproselitigant@outlook.com **make sure that you do not use jainemergicare@aol.com.  Your staff needs to know as well.**"  (Doc. 126 at 29)(emphasis in original).  A few days later, Manohar Jain wrote Counsel from

drjainproselitigant@outlook.com asking for a conference about a possible extension of time. (Id. at 30). Although the email was signed "Manohar Jain" a post script at the bottom indicated that Usha Jain typed the message. (Id.). On March 12, 18, and 23, the Jains jointly wrote and sent Counsel three emails from drjainproselitigant@outlook.com. (Id. at 31-33).

On March 24, Counsel wrote to Usha Jain at drjainproselitigant@outlook.com advising that Plaintiffs had served three subpoenas to third parties to produce discovery related to this case. (Id. at 6). Plaintiffs served two subpoenas to Robert Wolfe of Wolfe Financial Group, regarding Defendant Jayma Ambe Enterprises, Inc. ("JAE") and Jay Durga Enterprises ("JDE"), a second corporation owned by Manohar Jain, and one subpoena on JDE c/o Manohar Jain. (Id. at 7-28). Each subpoena required the third party to produce the requested documents no later than April 11, 2014. Usha Jain responded to this email on Saturday, April 5, 2014, informing Counsel that "[t]hese subpoenas should have been sent to Mr. Jain because that is for his company. . . You need to direct anything to do with my husband's company to him only and not me." (Doc. 113-1 at 1). Usha Jain did not tell Counsel how to get in touch with Manohar Jain, but the pending motion states that Counsel should have written to him at jainemergicare@aol.com. (Doc. 113 ¶1). The next day, Manohar Jain wrote Counsel to notify him that he did not receive copies of the subpoenas, using the jainemergicare@aol.com email address. After two days with no response, Manohar Jain filed the pending motion seeking to quash the third party subpoenas on the basis that he did not have the opportunity to object because Counsel did not properly send him notice. Manohar Jain's motion requests the opportunity to object to Plaintiffs' third party subpoenas, but upon a reading of the motion, it appears he has already made his

- 2 -

objections to the Court. These objections include that Plaintiffs seek irrelevant information because JDE is a separate corporation, unrelated to Defendant JAE, and any discovery sought from Wolfe is protected accountant-client privileged information.

Federal Rule of Civil Procedure 45 requires a party to serve a notice with a copy of the subpoena on each party before serving the subpoena to a third party. Fed. R. Civ. P. 45(a)(D)(4). A court for the district where compliance with a subpoena is required must quash or modify a subpoena that (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). On motion, the Court may quash or modify a subpoena if it requires disclosure of a trade secret or other confidential research; or disclosure of an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party. Fed. R. Civ. P. 45(d)(3)(b).

"Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the objecting party claims some personal right or privilege with regard to the documents sought." 9A Charles Alan Wright, Arthur R. Miller, Mary K. Kane, and Richard L. Marcus, Federal Practice and Procedure § 2459 (3d. ed) (2012). Many courts have ruled that parties have a personal interest in the confidentiality of their financial records that is "sufficient to confer standing to challenge a subpoena directed to a third-party." Mancuso v. Florida Met. Univ., Inc., No. 09-61984-CIV, 2011 WL 310726, at *1-2 (S.D. Fla. Jan. 28, 2011); Keybank Nat. Assoc. v. Perkins Rowe Assocs., LLC, No. 09-497-JJB-SR, 2011 WL 90108, at *2-3 (M.D. La. Jan. 11, 2011) (citing Old Towne Dev. Grp., LLC. v. Matthews, No. 09-244-B-M2, 2009 WL

2021723, at *1 (M.D. La July 9, 2009)); United States v. Cimino, 219 F.R.D. 695, 696 (N.D. Fla. 2003). Because the subpoenas request financial records in which he has an interest, the Court finds that Manohar Jain has standing to bring this motion. Plaintiffs have not argued otherwise.

At this juncture, the pending motion may be moot because the third parties were required to comply with the subpoenas over a month ago. If the dispute is still alive, then Manohar Jain has not offered any compelling reason for this Court to quash the subpoenas. Plaintiffs have shown that Usha Jain instructed them to stop using the jainemergicare@aol.com email address. (Doc. 126 at 29). Counsel and his staff were instructed to use drjainproselitigant@outlook.com, which they did, and later emails from drjainproselitigant@outlook.com purport to be from Manohar Jain or Manohar Jain and Usha Jain, together. (Doc. 126 at 30-33). Therefore, the Court finds that Plaintiffs' service of notice of subpoenas to drjainproselitigant@outlook.com was reasonable. In addition, the Jains failed to object to service of the notice and copies of the subpoenas for more than ten days after Plaintiffs provided notice. And, Manohar Jain's email to Counsel on Sunday, April 6, 2014 stating that service of notice should be made directly upon him necessarily shows that he had notice of the subpoenas. Accordingly, Manohar Jain's argument in favor of quashing the subpoenas based on improper service is rejected.

Manohar Jain's other arguments are equally unavailing. He states that evidence concerning JDE is irrelevant because it is a separate entity having nothing to do with JAE. Plaintiffs respond that the subpoenas to JDE and Wolfe in regards to JDE seek information related to JDE's sales and room rentals during the relevant period. They contend this information is relevant because JDE and JAE are interrelated companies,

and their sales should be combined to determine whether enterprise coverage exists. To show the two companies are a joint enterprise, Plaintiffs say Manohar Jain owns both companies and that he once told a Department of Labor investigator during a wage and hour audit that JAE had two branches (locations) one on West Colonial Drive, in Orlando and one in Clermont, Florida. (Doc. 126 ¶7). If true, this is a reference to JAE and JDE. Plaintiffs have sufficiently shown the information they seek is relevant to this action, and therefore, the Court **denies** Manohar Jain's motion on this ground.

Manohar Jain also objects to the subpoena to Wolfe because it "invades the protective relationship for a privileged and irrelevant information," which the Court construes as an argument based on relevancy and the accountant-client privilege. The Court has already found that the information appears to be relevant, and under federal law, there is no confidential accountant-client privilege. Pentz v. U.S., 2:09-cv-687-FtM-29DNF, 2011 WL 3269460 *6 (M.D. Fla. July 29, 2011) (citing Couch v. United States, 409 U.S. 805, 817 (1984); In re Grant Jury Investigation (Schroeder), 842 F.2d 1223, 1224-25 (11th Cir. 1987)). Thus, the Court **denies** Manohar Jain's on this ground.

**DONE** and **ORDERED** in Orlando, Florida on May 12, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties

- 5 -